UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-30159-MAP

Bankruptcy Case No. 03-40199-HJB

IN RE: STEFAN DAVIS,
Debtor

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STEFAN DAVIS,

Appellant
v.

RICHARD KING, ASSISTANT UNITED STATES TRUSTEE; AND
DENISE M. PAPPALARDO, CHAPTER 13 TRUSTEE

Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIEF OF APPELLEE, DENISE PAPPALARDO, CHAPTER 13 TRUSTEE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

I.  STATEMENT OF ISSUE PRESENTED........................................................................1

II. STANDARD OF REVIEW...............................................................................................1

III. STATEMENT OF THE CASE AND FACTS................................................................1

IV. ARGUMENT ....................................................................................................................4

# TABLE OF AUTHORITIES

STATUTES:

11 U.S.C. §330..................................................................................................................2

FEDERAL RULES OF BANKRUPTCY PROCEDURE

Fed. Rules Bankr. Pro. 8002............................................................................................3-5
Fed. Rules Bankr. Pro. 8013...............................................................................................1

MASSACHUSETTS LOCAL BANKRUPTCY RULES

Mass. Local Bank. Rules 13-7 (b).......................................................................................2

CASES:

*In re Collida*, 270 B.R. 209 (Bankr.S.D.Tex 2001).............................................................5

*Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990).......................................................1

*Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74 (1st Cir.1997)................................1

*In re Ortiz*, 200 B.R. 485 (D. Puerto Rico 1996)................................................................1

*Pioneer Inv. Servs.Co v. Brunswick Assocs. Ltd. P'Ship* 507 U.S. 380 (1993)...................4

*In re Williams*, 224 B.R. 523 (B.A.P. 2nd Cir. 1998)..........................................................1

## I. STATEMENT OF ISSUE

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

## II. STANDARD OF REVIEW

Whereas, the lower court's decision is reviewed for abuse of discretion, the appellate court reviews the facts underlying the decision under a "clearly erroneous" standard. Fed. Rules Bankr. Pro. 8013. *See also, In re Ortiz*, 200 B.R. 485, 489, (D. Puerto Rico 1996). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of law or clearly erroneous factual findings. *Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990). To determine that the Bankruptcy Court abused its discretion, this Court must find that the lower court "committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." *In re Williams*, 224 B.R. 523, 529 (B.A.P. 2nd Cir. 1998). The clearly erroneous standard requires the Court to give great deference to the bankruptcy court. *Ortiz*, at 489. Legal conclusions are reviewed *de novo*. *Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 75(1st Cir. 1997).

## III. STATEMENT OF THE CASE AND FACTS

On January 10, 2003, Stefan Davis (the "Debtor") filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Code").[1] The Debtor was represented by Attorney Francis Lafayette.

On or about June 24, 2003, the bankruptcy court issued a case management order (the

---

[1] Trustee's Appendix, No. 1, Docket No. 1.

1

"Case Management Order")[2] ordering Attorney Lafayette to show cause (1) why he should not file fee applications in all pending cases in which he serves as counsel to the debtor in which fees are unpaid and (2) why, until further order of the court, he should not be required to deposit fees received from Chapter 13 or 7 debtors in the District of Massachusetts in his client trust account and not disburse the funds until approval of his fees.[3] In issuing the Case Management Order, the bankruptcy court took judicial notice that a pattern had arisen whereby Attorney Lafayette failed to adequately represent his clients.[4]

On July 22, 2003, an evidentiary hearing was conducted on the Case Management Order. At that time, Attorney Lafayette presented evidence that the lapses in his representation were due

---

[2] Trustee's Appendix, No. 2.

[3] The court may allow reasonable compensation to counsel for a debtor based on the benefit and necessity of such services 11 U.S.C. § 330(a)(4)(B). "Unless otherwise ordered by the court, if debtor's counsel's total compensation prior to confirmation of a plan is $2,500.00 or less ...[or]...compensation for post confirmation services [is] in an amount not exceeding $500...the filing of an itemized fee application shall be excused." MLBR 13-7(b).

[4] The Case Management Order was issued in the following cases: *In re Mark Bennett and Angela Bennett*, Case No. 03-40074-HJB-there were errors in the bankruptcy schedules and plan; *In re Joseph LaFrance*, Case No. 02-42450-HJB-there were inaccuracies regarding time entries on Attorney Lafayette's fee application; *In re Marta Oyola*, Case No. 02-45398-HJB-Attorney Lafayette filed a Schedule "C"and an Amended Schedule "C" in which he claimed an exemption in assets in excess of that permitted; and *In re Hector Rolon*, Case No. 02-45994-HJB-Attorney Lafayette filed a Chapter 7 case for the debtor even though he had recently received a Chapter 7 discharge and could not obtain another Chapter 7 discharge, he filed inaccurate schedules, and filed schedules late. In the following cases, the bankruptcy court ordered Attorney Lafayette to file fee applications: *In re Kathleen Daigneault*, Case No. 02-46689-HJB-Attorney Lafayette failed to amend an unconfirmable Chapter 13 plan and missed two deadlines in the case; and *In re Peter Caci*, Case No. 02-47249-HJB-Attorney Lafayette failed to disclose to the debtors that an expert retained by Attorney Lafayette was not in fact qualified, failed to advise the debtors that Attorney Lafayette represented the expert in his own Chapter 13 bankruptcy, undertook to represent both the expert and the debtors in a contest regarding fees, and failed to timely file a motion to sell real estate. In the *Davis* case, there were errors in the bankruptcy schedules and plan. Trustee's Appendix No. 3, pp. 38-40.

2

to computer software problems, his chronic illnesses and his staff's temporary illnesses.[5] With respect to the evidence presented by Attorney Lafayette

> The Court finds it hard to believe, and does not believe, that most (if any) of the various errors described in each of the above referenced cases are the result of the various excuses proffered by Attorney Lafayette. But even if the excuses are true, they are not sufficient to overlook the sloppy, careless and unprofessional actions taken by Attorney Lafayette in each of the referenced cases. Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered.[6]

On June 10, 2004, the Court ordered, in part, that Attorney Lafayette disgorge fees,[7] file fee applications in those cases in which there is unpaid compensation, and file fee applications in all future bankruptcy cases (the "June 10, 2004 Order").[8]

On June 24, 2004, Attorney Lafayette filed a Notice of Appeal of the June 10, 2004 Order (the "First Notice of Appeal").[9] On June 29, 2004, the bankruptcy court dismissed the appeal as it was not timely filed pursuant to the Federal Rules of Bankruptcy Procedure 8002(a) (the "Dismissal Order").[10] On June 30, 2004, Attorney Lafayette filed a motion for reconsideration of

---

[5] Trustee's Appendix No. 3, p. 40.

[6] Trustee's Appendix, No. 3, p. 41.

[7] The order to disgorge was issued in *Oyola, Rolon, Daigneault, Caci, Davis* and *LaFrance*. Trustee's Appendix, No. 3, p. 44.

[8] Trustee's Appendix, No. 4.

[9] Trustee's Appendix, No. 1, Docket No. 129.

[10] Trustee's Appendix, No. 5.

3

the Dismissal Order (the "Reconsideration Motion").[11] Attorney Lafayette alleged that the First Notice of Appeal was not timely filed due in part to newly diagnosed illnesses. On July 8, 2004, the bankruptcy court denied the Reconsideration Motion (the "Reconsideration Order").[12] On July 19, 2004, Attorney Lafayette filed a Notice of Appeal of the Reconsideration Order (the "Second Notice of Appeal") which is the subject of the present appeal.[13]

### IV. ARGUMENT

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

A notice of appeal must be filed within 10 days of the date of the entry of the judgment, order, or decree. Fed. R. Bankr. P. 8002(a). A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of *excusable neglect [emph. added]*. Fed. R. Bankr. P. 8002( c)(2).

Determination of whether neglect is excusable is an equitable one taking into account all relevant circumstances surrounding the parties omission. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396 (1993). "These include...the danger of prejudice to the debtor, the length of the delay and its potential impact of judicial proceedings, the reason for the

---

[11]Trustee's Appendix, No. 1, Docket No. 139.

[12]Trustee's Appendix, No. 6.

[13]Trustee's Appendix, No. 1, Docket No. 153.

delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

There is no dispute the First Notice of Appeal was not timely filed. Nevertheless, Attorney Lafayette attempts to explain his actions, or lack thereof, on his alleged medical infirmities which he contends rise to the level of excusable neglect. As the bankruptcy court noted, during the period of June 10, 2004 through June 21, 2004 in which the filing of the appeal would have been timely, Attorney Lafayette appeared before the bankruptcy court on five (5) separate hearings and electronically filed eighty three (83) pleadings including five (5) new bankruptcy cases.[14] Attorney Lafayette vigorously engaged in the practice of law, yet overlooked the filing of the First Notice of Appeal. In addition, although the alleged ailments may be newly diagnosed, his tactic of using his infirmities as a defense to failing to comply with deadlines is not.[15] Failure to meet deadlines, failure to seek extensions of deadlines, failure to amend schedules, and a purely reactive posture are evidence of the lack of effective, efficient, and professional representation." *In re Collida*, 270 B.R. 209, 214 (Bankr. S.D. Tex. 2001).

In conclusion, there is no dispute that the First Notice of Appeal was not timely filed. In an attempt to circumvent the time restriction set forth under Fed. R. Bankr. Pro. 8002(a), Attorney Lafayette relies upon Fed. R. Bankr. Pro. 8002(c)(2). He contends the late filing is a result of excusable neglect due to his alleged medical infirmities. Attorney Lafayette cannot escape the fact that ten days following the entry of the Dismissal Order he actively engaged in the practice of law before the bankruptcy court. In addition, he has repeatedly used the "ailment

---

[14]Trustee Appendix, No. 7.

[15]Trustee's Appendix, No. 3.

5

defense" in justifying the late filing of documents. Thus, the bankruptcy court did not abuse its discretion in denying the Reconsideration Motion. Thus, the ruling of the bankruptcy court should be affirmed.

Dated: 9/20/04

Respectfully submitted,
Standing Chapter 13 Trustee

_____
Denise M. Pappalardo, Trustee
BBO #553293
Joanne Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing to the following parties by first class mail, postage prepaid.
Dated: 9/20/04

_____
Denise M. Pappalardo
Joanne Psilos

## SERVICE LIST

Francis J. Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069

Richard King
Asst. United States Trustee
446 Main Street
Worcester, MA 01608

Stefan Davis
1328 Page Blvd.
Springfield, MA 01104

## TABLE OF CONTENTS FOR APPELLEE'S APPENDIX

1. Docket Entries

2. Case Management Order dated June 24, 2003

3. Memorandum of Decision dated June 10, 2004

4. Order dated June 10, 2004

5. Dismissal Order dated June 29, 2004

6. Order Denying Motion for Reconsideration Dated July 8, 2004

7. Memorandum of Decision dated July 8, 2004

NOCLOSE, APPEAL

## United States Bankruptcy Court
## District of Massachusetts (Worcester)
## Bankruptcy Petition #: 03-40199

*Assigned to:* Judge Henry J. Boroff
Chapter 13
Voluntary
Asset

*Date Filed:* 01/10/2003

**Stefan Davis**
1328 Page Blvd.
Springfield, MA 01104
SSN: xxx-xx-7146
***Debtor***

represented by **Francis Lafayette**
PO Box 1020
Palmer, MA 01069
(413) 283-7785
Email: francislafayettejd@onebox.com

**Richard King**
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
***Assistant U.S. Trustee***

**Denise M. Pappalardo**
P. O. Box 16607
Worcester, MA 01601
508-791-3300
***Trustee***

| Filing Date | # | Docket Text |
|---|---|---|
| 01/10/2003 | 1 | Voluntary Chapter 13 Petition ( Filing Fee $ 185.00 Rcpt # 506892) missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation and Chapter 13 Plan due 4:30 pm on 1/27/03 ;Proof of Claim (gov. units only) Deadline: 4:30 pm on 7/9/03. (pf) (Entered: 01/13/2003) |
| 01/10/2003 | 2 | Order to Update Petition. Incomplete Filing; missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation and Chapter 13 Plan ; Missing Documents Due 4:30 pm on 1/27/03 ; Matrix Due 4:30 pm on 1/15/03. (pf) (Entered: 01/13/2003) |
| 01/21/2003 | 3 | Schedules a-j (yms) (Entered: 01/22/2003) |

| | | |
|---|---|---|
| 01/21/2003 | 4 | Statement of Financial Affairs. (yms) (Entered: 01/22/2003) |
| 01/21/2003 | 5 | Statement of Intent. (yms) (Entered: 01/22/2003) |
| 01/21/2003 | 6 | Disclosure of Compensation filed by Attorney Francis Lafayette for the Debtor in the amount of $ 3,000.00. (yms) (Entered: 01/22/2003) |
| 01/21/2003 | | Matrix. (yms) (Entered: 01/22/2003) |
| 01/21/2003 | 7 | Chapter 13 Plan with Certificate of Service. (yms) (Entered: 01/22/2003) |
| 01/21/2003 | 8 | Motion By Debtor Stefan Davis To Extend Plan Payment Period . c/s (yms) (Entered: 01/22/2003) |
| 01/22/2003 | | First Meeting of Creditors sch For 1:00 pm 2/26/03 At Banknorth Center, Rm 515 Confirmation Hearing Set For 1:00 pm 2/26/03 At Banknorth Center, Rm 515 ;Proofs of Claim due on 4:30 pm 5/27/03 Notice to be mailed within two weeks. (hk) (Entered: 01/23/2003) |
| 01/24/2003 | 9 | ENDORSEMENT ORDER: Regarding [8-1] Debtor's Motion To Extend Plan Payment Period . ALLOWED. (yms) (Entered: 01/24/2003) |
| 01/30/2003 | 10 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 01/30/2003) |
| 02/02/2003 | 11 | First Meeting Certificate of Mailing. (auto) (Entered: 02/02/2003) |
| 02/19/2003 | 12 | Notice of Appearance And Request For Service Of Notice By Richard T. Mulligan for Creditor Fairbanks Capital Corp.. (yms) (Entered: 02/19/2003) |
| 02/26/2003 | | First meeting not held. (spr) (Entered: 03/28/2003) |
| 03/03/2003 | 13 | Notice by Francis Lafayette for Debtor Stefan Davis of Rescheduled First Meeting (to 3/12/03 at 1:00 pm). c/s (yms) (Entered: 03/03/2003) |
| 03/12/2003 | | First Meeting Held and Examination of Debtor. (spr) (Entered: 03/29/2003) |
| 03/14/2003 | 14 | Amended Schedule F (yms) (Entered: 03/14/2003) |
| 03/14/2003 | 15 | Motion By Debtor Stefan Davis To Amend [3-1] Schedule F . c/s (yms) (Entered: 03/14/2003) |

| 03/17/2003 | 17 | Notice of Appearance And Request For Service Of Notice By Creditor Arcadia Financial Ltd. (lc) (Entered: 04/07/2003) |
|---|---|---|
| 03/28/2003 | 16 | Objection By United States of America (IRS) To Confirmation Of [7-1] Chapter 13 Plan. c/s (yms) (Entered: 03/31/2003) |
| 04/04/2003 |  | Hearing Re: [16-1] Objection to Confirmation of Plan by United States of America Set For 11:30 4/16/03 at Springfield Court (ab) (Entered: 04/04/2003) |
| 04/08/2003 | 18 | Certificate Of Service By Steven Carr of IRS Of Hearing re: [16-1] Objection to Confirmation of Plan by United States of America Set For 11:30 4/16/03 at Springfield Court . (yms) (Entered: 04/08/2003) |
| 04/08/2003 | 19 | ENDORSEMENT ORDER: Regarding [15-1] Debtor's Motion To Amend [3-1] Schedule F to Add Omitted Creditors . DENIED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH LR 1008. (yms) (Entered: 04/08/2003) |
| 04/10/2003 | 20 | Objection By Lisa E. Russell To Confirmation Of [7-1] Debtor's Chapter 13 Plan. c/s (yms) (Entered: 04/10/2003) |
| 04/11/2003 | 21 | Motion to Extend Time To File Objection to Confirmation of Debtor's Ch.13 Plan and Exemptions. Filed by Trustee Denise M. Pappalardo. c/s (yms) (Entered: 04/15/2003) |
| 04/11/2003 | 22 | Motion to Dismiss Case Filed by Trustee Denise M. Pappalardo. c/s (yms) (Entered: 04/15/2003) |
| 04/14/2003 | 23 | Objection by Debtor Stefan Davis Re: 22 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. c/s (yms) (Entered: 04/15/2003) |
| 04/14/2003 | 24 | Notice of Appearance and Request for Notice by Barry E. Reiferson for Creditor United States of America. (lc , ) (Entered: 04/15/2003) |
| 04/14/2003 | 27 | Second Amended Schedule F (by adding one creditor). (Entered: 04/16/2003) |
| 04/14/2003 | 28 | Motion to Amend Schedules F. c/s Filed by Debtor Stefan Davis. (yms) (Entered: 04/16/2003) |
| 04/15/2003 | 25 | AGREED ORDER By Debtor Stefan Davis and United States of America (IRS) Re: 16 Objection to Confirmation of the Debtor's Ch.13Plan. (yms) (Entered: 04/15/2003) |
|  |  |  |

| 04/15/2003 | 26 | ENDORSED Order Re: 25] Agreed Order on 16 IRS' Objection To Confirmation of Debtor's ch.13 Plan. ALLOWED; THE HEARING SCHEDULED FOR 4/16/03 IS CANCELLED. (yms) (Entered: 04/15/2003) |
| --- | --- | --- |
| 04/17/2003 | 29 | Hearing scheduled for 5/14/2003 at 09:30 AM Springfield Court RE: 20 Objection to Confirmation of the Debtor's ch.13 Plan filed by Creditor Lisa E. Russell. (yms) (Entered: 04/17/2003) |
| 04/17/2003 | 30 | Court Certificate of Mailing RE: 29 Hearing Scheduled. (yms) (Entered: 04/17/2003) |
| 04/18/2003 | 31 | Hearing scheduled for 5/7/2003 at 09:00 AM Springfield Courtroom RE: 22 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. (yms) (Entered: 04/18/2003) |
| 04/18/2003 | 32 | Court Certificate of Mailing RE: 31 Hearing Scheduled. (yms) (Entered: 04/18/2003) |
| 04/18/2003 | 33 | Certificate of Service Re: 31 Hearing Scheduled Filed by Trustee Denise M. Pappalardo. (yms) (Entered: 04/18/2003) |
| 04/22/2003 | 34 | Endorsed Order Regarding Ch.13 Trustee's Motion to Extend Time to File Objection to Confirmation of Debtor's ch.13 Plan and Exemptions. ALLOWED. DEADLINE IS EXTENDED TO 5/30/03. NO OBJECTIONS HAVE BEEN FILED. 4/22/2003. (yms) (Entered: 04/23/2003) |
| 04/23/2003 | 35 | Motion For Order Requiring Counsel To Disgorge Retainer And To Require the Filing of a Fee Application Filed by Trustee Denise M. Pappalardo. c/s (yms) (Entered: 04/24/2003) |
| 04/29/2003 | 36 | Endorsed Order Regarding Debtor's Motion To Add Creditor 28. ALLOWED. NO OBJECTIONS HAVE BEEN FILED. 4/29/2003. (yms) (Entered: 04/30/2003) |
| 04/30/2003 | 37 | Notice of Add Creditors by the Court RE: 28 Motion to Add Creditor. Deadline for New Creditor: 7/29/03 (yms) (Entered: 04/30/2003) |
| 05/02/2003 | 38 | Hearing scheduled for 5/14/2003 at 09:30 AM Springfield Courtroom - HJB RE: 35 Motion For Order Requiring Counsel To Disgorge Retainer And To Require the Filing of a Fee Application Filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 05/02/2003) |
| 05/02/2003 | 39 | Court Certificate of Mailing. RE: 38 Hearing scheduled for 5/14/2003 at 09:30 AM Springfield Courtroom - HJB (ps , ) (Entered: 05/02/2003) |

| | | |
|---|---|---|
| 05/02/2003 | 40 | BNC Certificate of Mailing. Service Date 05/02/2003. (Related Doc # 37) (Admin.) (Entered: 05/03/2003) |
| 05/05/2003 | 41 | Certificate of Service Re:38 Hearing scheduled for 5/14/2003 at 09:30 AM Springfield Courtroom - HJB (ps , ) (Entered: 05/06/2003) |
| 05/05/2003 | 42 | Amended Schedules I and J. Re: 3 Original Schedules I and J. Filed by Debtor Stefan Davis (ps , ) (Entered: 05/06/2003) |
| 05/05/2003 | 43 | Debtor's Motion to Amend 3 Schedules I and J. c/s Filed by Debtor Stefan Davis (ps , ) (Entered: 05/06/2003) |
| 05/05/2003 | 44 | First Amended Pre-Confirmation Chapter 13 Plan RE: 7 Chapter 13 Plan with Certificate of Service. c/s Filed by Debtor Stefan Davis (ps , ) (Entered: 05/06/2003) |
| 05/05/2003 | 45 | Debtor's Motion to Modify Plan (Amendments to Plan Prior to Confirmation) Re:7 Chapter 13 Plan with Certificate of Service. c/s Filed by Debtor Stefan Davis (ps , ) (Entered: 05/06/2003) |
| 05/07/2003 | | Hearing Held RE: 22 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 05/08/2003) |
| 05/07/2003 | 46 | Order Re: 22 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. CONTINUED TO JUNE 11, 2003 @ 10:00 AM AT SPRINGFIELD. DEBTOR IS ORDERED TO FILE AN AMENDED PLAN ON OR BEFORE 6/4/03. (ps , ) (Entered: 05/08/2003) |
| 05/07/2003 | | Hearing Scheduled for 6/11/2003 at 10:00 AM Springfield Courtroom - HJB RE: 22 Motion to Dismiss Case Filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 05/08/2003) |
| 05/09/2003 | 47 | Response To: 35 Motion by Chapter 13 Trustee For Order Requiring Counsel to Disgorge Retainer. c/s (Entered: 05/09/2003) |
| 05/14/2003 | | Hearing Held RE: 35 Motion of Chapter 13 Trustee for Order Requiring Debtor's Counsel to Disgorge Retainer and to File a Fee Application. (Entered: 05/14/2003) |
| 05/14/2003 | 48 | Order Regarding 35 Motion of Chapter 13 Trustee for Order Requiring Debtor's Counsel to Disgorge Retainer and to File a Fee Application. CONTINUED TO 6/11/03 AT 10:30AM AT SPRINGFIELD. DEBTOR'S COUNSEL IS ORDERED TO FILE A FEE APPLICATION ON OR BEFORE 6/4/03. THE FEE APPLICATION WILL BE HEARD ON 6/11/03 AT 10:30AM. (ps , ) (Entered: 05/14/2003) |

| 05/14/2003 | | Hearing scheduled for 6/11/2003 at 10:30 AM Springfield Courtroom - HJB RE: 35 Motion of Chapter 13 Trustee for Order Requiring Debtor's Counsel to Disgorge Retainer and to File a Fee Application. (Entered: 05/14/2003) |
|---|---|---|
| 05/14/2003 | | Hearing Held RE: 20 Objection to Confirmation of the Plan filed by Creditor Lisa E. Russell (ps , ) (Entered: 05/14/2003) |
| 05/14/2003 | 49 | Order Re: 20 Objection to Confirmation of the Plan filed by Creditor Lisa E. Russell. MOOT . (ps , ) (Entered: 05/14/2003) |
| 05/29/2003 | 50 | Fee Application Itemized Application for Compensation/Order Memorandum of Receipts and Disbursements Statement of Attorney Filed by Attorney Francis Lafayette. c/s (ps , ) (Entered: 06/02/2003) |
| 06/06/2003 | 76 | Notice of Appearance and Request for Notice by Robert G. Davis For Creditor Bank of New York, Trustee (lc , ) (Entered: 07/17/2003) |
| 06/09/2003 | 51 | Objection of Chapter 13 Trustee Re: 50 First Itemized Fee Application by Debtor's Counsel. c/s (ps , ) (Entered: 06/10/2003) |
| 06/09/2003 | 52 | Motion to Extend Time To File an Amended PLan Filed by Debtor Stefan Davis. c/s (Expedited determination requested.) (ps , ) Added Time Modified on 6/10/2003 (ps , ). (Entered: 06/10/2003) |
| 06/11/2003 | | Hearing Held Re: Application of Counsel to Debtor for Compensation and Expenses. (ps , ) (Entered: 06/12/2003) |
| 06/11/2003 | 53 | Order Re: 50Application of Counsel to Debtor For Compensation and Expenses. TAKEN UNDER ADVISEMENT. 6/11/2003. (ps , ) (Entered: 06/12/2003) |
| 06/11/2003 | | Hearing Held RE: 22 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 06/12/2003) |
| 06/11/2003 | 54 | Order Regarding 22 Motion to Dismiss Case. CONTINUED TO 7/11/03 AT 9:30AM AT SPRINGFIELD. 6/11/2003. (ps , ) (Entered: 06/12/2003) |
| 06/11/2003 | | Hearing scheduled for 7/11/2003 at 09:30 AM Springfield Courtroom - HJB RE: 22 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 06/12/2003) |
| 06/11/2003 | 55 | Endorsed Order Re: 52 Motion to Extend Time. EXTENDED TO 7/11/03 AT 9:30AM; BUT THE COURT RESERVES JUDGMENT ON THE PROPRIETY OF THE LATE FILING OF THIS MOTION. 6/11/2003. (ps , ) (Entered: 06/12/2003) |

| | | |
|---|---|---|
| 06/11/2003 | | Hearing Held RE: 35 Motion for Order Requiring Debtor's Counsel to Disgorge Retainer and File a Fee Application filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 06/13/2003) |
| 06/11/2003 | 57 | Order Regarding 35 Motion For Order Requiring Counsel To Disgorge Retainer And To Require the Filing of a Fee Application Filed by Trustee Denise M. Pappalardo. FINDINGS AND CONCLUSIONS DICTATED AT CLOSE OF HEARING INCORPORATED BY REFERENCE. 6/11/2003. (ps , ) (Entered: 06/13/2003) |
| 06/12/2003 | 56 | Motion for Relief from Stay Re: 1328 Page Boulevard, Springfield, MA. Receipt Number 511530, Fee Amount $75, Filed by Creditor Bank of New York, Trustee. Objections due by 6/25/2003. (ps , ) (Entered: 06/12/2003) |
| 06/18/2003 | 58 | Debtor's Opposition To: 56 Motion for Relief From Stay filed by Creditor Bank of New York, Trustee. c/s (ps , ) (Entered: 06/18/2003) |
| 06/18/2003 | 59 | Debtor's Opposition to: 56 Motion for Relief From Stay filed by Creditor Bank of New York, Trustee. c/s (ps , )CORRECTIVE ENTRY: Disregard. Duplicate Entry. See Document # 58. Modified on 6/19/2003 (ps , ). (Entered: 06/19/2003) |
| 06/18/2003 | 60 | Objection to Claim of Creditor Internal Revenue Service Filed by Debtor Stefan Davis. c/s (ps) (Entered: 06/19/2003) |
| 06/18/2003 | 61 | Second Amended Pre-Confirmation Chapter 13 Plan RE: 7 Chapter 13 Plan Filed by Debtor Stefan Davis. c/s (ps , ) (Entered: 06/19/2003) |
| 06/18/2003 | 62 | Debtor's Motion to Modify Plan (Amendments to Plan Prior to Confirmation) (second pre-confirmation modified plan) Filed by Debtor Stefan Davis. c/s (ps , ) (Entered: 06/19/2003) |
| 06/23/2003 | 63 | Hearing scheduled for 8/20/2003 at 10:30 AM Springfield Courtroom - HJB. Responses due by 8/8/03 at 4:30 PM. (ps , ) (Entered: 06/23/2003) |
| 06/23/2003 | 64 | Court Certificate of Mailing. RE: 63 Hearing scheduled for 8/20/2003 at 10:30 AM Springfield Courtroom - HJB (ps , ) (Entered: 06/23/2003) |
| 06/24/2003 | 65 | Case Management Order Regarding 50 Application For Compensation Filed by Francis Lafayette. Entered on 6/24/2003. (sas) (Entered: 06/24/2003) |

| | | |
|---|---|---|
| 06/24/2003 | | Evidentiary Hearing Scheduled for 7/22/2003 at 01:00 PM Worcester Courtroom 4 - HJB RE: 50 Application for Compensation Filed by Francis Lafayette. (sas) (Entered: 06/24/2003) |
| 06/26/2003 | 66 | Hearing scheduled for 7/11/2003 at 09:30 AM Springfield Courtroom - HJB RE: 56 Motion for Relief From the Automatic Stay filed by Creditor Bank of New York, Trustee. (ps , ) (Entered: 06/26/2003) |
| 06/26/2003 | 67 | Court Certificate of Mailing. RE: 66 Hearing scheduled for 7/11/2003 at 09:30 AM Springfield Courtroom - HJB. (ps , ) (Entered: 06/26/2003) |
| 06/27/2003 | 68 | Certificate of Service Re: 66 Hearing scheduled for 7/11/2003 at 09:30 AM Springfield Courtroom - HJB Filed by Creditor Bank of New York, Trustee. (ps , ) (Entered: 06/30/2003) |
| 06/27/2003 | 69 | Certificate of Service Re: 63 Hearing scheduled for 8/20/2003 at 10:30 AM Springfield Courtroom - HJB Filed by Francis Lafayette. (ps , ) (Entered: 07/01/2003) |
| 07/02/2003 | 70 | Certificate of Service Re: 66 Hearing scheduled for 7/11/2003 at 09:30 AM Springfield Courtroom - HJB Filed by Creditor Bank of New York. (ps , ) (Entered: 07/02/2003) |
| 07/11/2003 | | Hearing Held RE: 56 Motion for Relief From Stay filed by Creditor Bank of New York. (sas) (Entered: 07/14/2003) |
| 07/11/2003 | 71 | Order Regarding 56 Motion For Relief From Stay Filed by Bank of New York. CONTINUED TO 8/20/03 AT 10:00 AM AT SPRINGFIELD. Entered on 7/11/2003. (sas) (Entered: 07/14/2003) |
| 07/11/2003 | | Hearing Scheduled for 8/20/2003 at 10:00 AM Springfield Courtroom - HJB RE: 56 Motion for Relief From Stay filed by Creditor Bank of New York. (sas) (Entered: 07/14/2003) |
| 07/11/2003 | | Hearing Held RE: 22 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 07/14/2003) |
| 07/11/2003 | 72 | Order Re: 22 Motion to Dismiss Case by Chapter 13 Trustee. WITHDRAWN. 7/11/2003. (ps , ) (Entered: 07/14/2003) |
| 07/15/2003 | 73 | Motion for Relief from Stay Re: 1328 Page Boulevard, Springfield, MA. Receipt Number 512461, Fee Amount $75, Filed by Creditor Lisa E. Russell Objections due by 7/28/2003. (ps , ) (Entered: 07/16/2003) |
| 07/16/2003 | 74 | Debtor's Opposition to: 73 Motion for Relief From Stay (Lisa |

| | | |
|---|---|---|
| | | Russell) (1328 Page Blvd., Springfieldl, MA) filed by Debtor Stefan B. Davis. c/s (ps) (Entered: 07/16/2003) |
| 07/16/2003 | 75 | Motion to Continue Hearing Re: Evidentiary Hearing Scheduled for 7/22/2003 at 01:00 PM Filed by Debtor's Counsel Francis Lafayette. c/s (Expedited Determination Requested.) (ps , ) (Entered: 07/16/2003) |
| 07/16/2003 | 78 | Certificate of Service of Hearing Scheduled RE: 56 Motion for Relief From Stay filed by Creditor Bank of New York. (sas) (Entered: 07/18/2003) |
| 07/18/2003 | 77 | Emergency Second Motion to Continue Hearing Re: 50 Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. c/s (yms) (Entered: 07/18/2003) |
| 07/18/2003 | 79 | Endorsed Order Regarding 77 Motion To Reschedule Proceedings On 50 Application for Compensation. DENIED. (ds) (Entered: 07/18/2003) |
| 07/18/2003 | 80 | Pre-Trial Memorandum Filed by Creditor United States of America Re: 50 Fee Application Itemized Application for Compensation/Order Memorandum of Receipts and Disbursements Statement of Attorney Filed by Attorney Francis Lafayette. (ab) (Entered: 07/21/2003) |
| 07/22/2003 | 116 | Motion to Impound So Much of the Files that Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. c/s (Filed in Open Court) (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 117 | Motion to Present Newly Discovered Evidence Related to Counsel Physical/Dental Health Issues filed by Francis Lafayette. c/s (Filed in Open Court) (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | | Hearing Held Re: 50 Itemized Application for Compensation Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | | Hearing Held Re: 116 Motion to Impound So Much of the Files that Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | | Hearing Held Re: 117 Motion to Present Newly Discovered Evidence Related to Counsel Physical/Dental Health Issues filed by Francis Lafayette. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 118 | Order Dated 7/22/03 Regarding 50 Itemized Application for Compensation Filed by Attorney Francis Lafayette. TAKEN UNDER ADVISEMENT. (sas, usbc) (Entered: 06/07/2004) |

| 07/22/2003 | 119 | Order Dated 7/22/03 Regarding 116 Motion to Impound So Much of the Files that Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. DENIED. (sas, usbc) (Entered: 06/07/2004) |
| --- | --- | --- |
| 07/22/2003 | 120 | Order Dated 7/22/03 Regarding 117 Motion to Present Newly Discovered Evidence Related to Counsel Physical/Dental Health Issues filed by Francis Lafayette. DENIED. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 122 | Order Dated 7/22/03 Regarding 65 Case Management Order of June 24, 2003. TAKEN UNDER ADVISEMENT. (sas, usbc) (Entered: 06/09/2004) |
| 07/23/2003 | 81 | Hearing scheduled for 7/31/2003 at 09:00 AM Springfield Courtroom - HJB RE: 73 Motion for Relief From Stay filed by Creditor Lisa E. Russell (ds) (Entered: 07/23/2003) |
| 07/23/2003 | 82 | Court Certificate of Mailing. RE: 81 Hearing Scheduled re: [73} Motion of Lisa Russell For Relief From The Automatic Stay (ds , ) (Entered: 07/23/2003) |
| 07/24/2003 | 83 | Certificate of Service of 81 Hearing Scheduled RE: 73 Motion for Relief From Stay filed by Creditor Lisa E. Russell. (sas) (Entered: 07/24/2003) |
| 07/29/2003 | 84 | Creditor, Lisa Russell's Motion to Continue Hearing Re: 73 Motion for Relief From the Automatic Stay filed by Creditor Lisa E. Russell. c/s (ps) (Entered: 07/29/2003) |
| 07/30/2003 | 85 | Endorsed Order Re: 84 Motion To Continue Hearing On 73 Motion for Relief from Stay filed by Creditor Lisa Russell. ALLOWED; HEARING SCHEDULED FOR 7/31/03 HAS BEEN CONTINUED TO 8/20/03 AT 10:30 AM IN SPRINGFIELD. (ps) (Entered: 07/31/2003) |
| 07/30/2003 | 86 | Certificate of Service Re: 85 Hearing Scheduled for 8/20/03 at 10:30 AM in Springfield. (ps) (Entered: 07/31/2003) |
| 07/31/2003 | 87 | Endorsed Order Re: 43 Motion To Amend Schedules I and J. ALLOWED. 7/31/2003. (ps , ) (Entered: 08/01/2003) |
| 07/31/2003 | 88 | Modification of Second Amended Pre-Confirmation Plan Prior to Confirmation RE: 7 Chapter 13 Plan Filed by Trustee Denise M. Pappalardo. (ps , ) (Entered: 08/01/2003) |
| 07/31/2003 | 89 | Order Confirming Second Amended Pre-Confirmation 7 Chapter 13 Plan. (ps , ) (Entered: 08/01/2003) |