| 07/31/2003 | 90 | Endorsed Order Re: 62 Debtor's Motion to Modify Plan (Amendments to Plan Prior to Confirmation) (second pre-confirmation modified plan). ALLOWED. NO OBJECTIONS HAVE BEEN FILED. (Entered: 08/01/2003) |
|---|---|---|
| 08/01/2003 | 91 | United States' Objection to Confirmation of 61 Debtor's Second Amended Pre-Confirmation 7 Chapter 13 Plan Filed by Creditor United States of America. c/s (ps , ) (Entered: 08/01/2003) |
| 08/04/2003 | 99 | Order Re: 62 Debtor's Motion to Modify Ch. 13 Plan filed by Debtor Stefan Davis, and Re: 91 United States' Objection to Confirmation of the Plan. THE ORDER OF JULY 31, 2003 GRANTING THE DEBTOR'S MOTION TO MODIFY PLAN (DOC NO. 90) AND THE ORDER OF EVEN DATE CONFIRMING THE SECOND AMENDED CH. 13 PLAN (DOC. NO.89) ARE HEREBY VACATED.A HEARING ON THE APPROVAL OF THE ABOVE MOTION TO MODIFY CH. 13 PLAN AND THE UNITED STATES' OBJECTION THERETO IS SET FOR 10/09/03 AT 11:00 AM IN THE FEDERAL BUILDING AND COURTHOUSE, 1550 MAIN STREET, 2ND FLOOR, SPRIGFIELD, MA. (Entered: 08/26/2003) |
| 08/08/2003 | 92 | Certificate of Service Re: 85 Endorsed Order Granting 84 Motion To Continue Hearing On 73 Motion for Relief from Stay filed by Creditor Lisa Russell. (ps , ) (Entered: 08/14/2003) |
| 08/13/2003 | 93 | United States' Motion to Vacate Re: 89 Confirmation of Second Amended Pre-Confirmation Chapter 13 Plan Filed by United States of America. c/s (ps , ) (Entered: 08/14/2003) |
| 08/18/2003 | 94 | Motion to Withdraw 73 Motion for Relief from Stay Re: 1328 Page Boulevard, Springfield, MA Filed by Creditor Lisa E. Russell. c/s (ab) (Entered: 08/18/2003) |
| 08/19/2003 | 95 | Endorsed Order Re: 94 to Withdraw 73 Motion for Relief from Stay Re: 1328 Page Boulevard, Springfield, MA Filed by Creditor Lisa E. Russell. ALLOWED. HEARING ON THIS MOTION FOR RELIEF SCHEDULED FOR 8/20/93 IS CANCELED. (ps , ) (Entered: 08/19/2003) |
| 08/20/2003 | | Hearing Held RE: 56 Motion for Relief From Stay filed by Creditor Bank of New York, Trustee. (ps , ) (Entered: 08/20/2003) |
| 08/20/2003 | 96 | Order Regarding 56 Motion of Bank of New York for Relief from Stay Re: 1328 Page Boulevard, Springfield, MA. CONTINUED TO 9/10/03 AT 10:30 AM AT SPRINGFIELD. (Entered: 08/20/2003) |
| | | |

| | | |
|---|---|---|
| 08/20/2003 | | Hearing scheduled for 9/10/2003 at 10:30 AM Springfield Courtroom - HJB RE: 56 Motion for Relief From Stay filed by Creditor Bank of New York, Trustee. (ps , ) (Entered: 08/20/2003) |
| 08/22/2003 | 97 | Certificate of Service Re: 94 Motion to Withdraw 73 Motion for Relief from Stay Re: 1328 Page Boulevard, Springfield, MA Filed by Creditor Lisa E. Russell. (ps , ) (Entered: 08/25/2003) |
| 08/25/2003 | 98 | Endorsed Order RE: 93 United States' Motion to Vacate Re: 89 Confirmation of Second Amended Pre-Confirmation Chapter 13 Plan Filed by United States of America. MOOT. SEE ORDER OF 8/4/03. (ps , ) (Entered: 08/26/2003) |
| 08/26/2003 | | Hearing scheduled for 10/9/2003 at 11:00 AM Springfield Courtroom - HJB Re: 62 Debtor's Motion to Modify Plan. 91 United States' Objection to Confirmation of Debtor's Second Amended Plan. (Entered: 08/26/2003) |
| 09/09/2003 | 100 | Assented to Motion to Continue Court Hearing Re: Hearing for 56 Motion of Bank of New York for Relief from Stay Filed by Creditor Bank of New York, Trustee and Debtor Stefan Davis. (Expedited Determinatin Requested) c/s (ps , ) (Entered: 09/09/2003) |
| 09/10/2003 | 101 | Endorsed Order RE: 100 Motion To Continue Hearing On 56 Motion for Relief from Stay. ALLOWED; THE HEARING SCHEDULED FOR 9/10/03 IS CONTINUED TO 10/9/03 AT 11:00 AM IN SPRINGFIELD. (Entered: 09/11/2003) |
| 09/11/2003 | 102 | Court Certificate of Mailing RE: 101 Order on Motion to Continue Hearing. (ps , ) (Entered: 09/11/2003) |
| 10/09/2003 | | Hearing Held RE: 91 Objection to Confirmation of the Second Amended Pre-Confirmation Chapter 13 Plan filed by Creditor United States of America. (sas, usbc) (Entered: 10/14/2003) |
| 10/09/2003 | 103 | Order Regarding 91 Objection to Confirmation of the Second Amended Pre-Confirmation Chapter 13 Plan filed by Creditor United States of America. OBJECTION IS OVERRULED. THE UNITED STATES FAILED TO APPEAR. (sas, usbc) (Entered: 10/14/2003) |
| 10/09/2003 | | Hearing Held RE: 56 Motion for Relief From Stay filed by Creditor Bank of New York, Trustee. (sas, usbc) (Entered: 10/14/2003) |
| 10/09/2003 | 104 | Order Regarding 56 Motion For Relief From Stay filed by Creditor Bank of New York. REPORTED AS SETTLED. STIPULATION TO BE FILED WITHIN 10 DAYS. (sas, usbc) (Entered: 10/14/2003) |
| | | |

| 10/16/2003 | 105 | BNC Certificate of Mailing - PDF Document. Service Date 10/16/2003. (Related Doc # 103) (Admin.) (Entered: 10/17/2003) |
| 10/22/2003 | 106 | Motion for Extension of Time to File Stipulation Regarding 56 Motion for Relief from Stay Filed by Creditor Bank of New York. c/s (sas, usbc) (Entered: 10/23/2003) |
| 10/23/2003 | 107 | Endorsed Order RE: 106 Motion for Extension of Time to File Stipulation Regarding 56 Motion for Relief from Stay Filed by Creditor Bank of New York, Trustee. ALLOWED. DEADLINE TO FILE STIPULATION IS EXTENDED TO NOVEMBER 7, 2003. (ps, usbc) (Entered: 10/24/2003) |
| 10/26/2003 | 108 | BNC Certificate of Mailing - PDF Document. Service Date 10/26/2003. (Related Doc # 107) (Admin.) (Entered: 10/27/2003) |
| 10/27/2003 | 111 | Modification of 61 Second Amended Pre-Confirmation Chapter 13 Plan Filed by Debtor Stefan Davis. (sas, usbc) (Entered: 11/05/2003) |
| 10/30/2003 | 109 | Stipulation By Debtor Stefan Davis and Bank of New York Re: 56 Motion for Relief From Stay Filed by Bank of New York. c/s (ps, usbc) (Entered: 10/30/2003) |
| 10/30/2003 | 110 | Motion of the Bank of New York, Trustee for Approval Re: 109 Stipulation By Debtor Stefan Davis and Bank of New York Re: 56 Motion for Relief From Stay Filed by Bank of New York, Trustee. c/s (ps, usbc) (Entered: 10/30/2003) |
| 11/14/2003 | 112 | Order Confirming RE: 61 Second Amended Pre-Confirmation Chapter 13 Plan. (ps, usbc) (Entered: 11/14/2003) |
| 11/16/2003 | 113 | BNC Certificate of Mailing - PDF Document. Service Date 11/16/2003. (Related Doc # 112) (Admin.) (Entered: 11/17/2003) |
| 11/21/2003 | 114 | Endorsed Order dated 11/21/03 Re:110 Motion of the Bank of New York, Trustee for Approval Re: 109 Stipulation By Debtor Stefan Davis and Bank of New York Re: 56 Motion for Relief From Stay. APPROVED. (ps, usbc) (Entered: 11/24/2003) |
| 11/26/2003 | 115 | BNC Certificate of Mailing - PDF Document. Service Date 11/26/2003. (Related Doc # 114) (Admin.) (Entered: 11/27/2003) |
| 06/08/2004 | 121 | Chapter 13 Trustee's Motion for Order Dismissing Case *with c/s and proposed order*. Objections due by 7/1/2004. (ZZ-Pappalardo, Denise) (Entered: 06/08/2004) |
| 06/10/2004 | 123 | Memorandum of Decision Dated June 10, 2004 Regarding 50 First |

| | | Fee Application for Compensation filed by Attorney Francis Lafayette and 65 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
|---|---|---|
| 06/10/2004 | 124 | Order Dated June 10, 2004 Regarding 50 First Fee Application for Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 125 | Order Dated June 10, 2004 Regarding 65 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 126 | Court Certificate of Mailing of 123 Memorandum of Decision Dated June 10, 2004 Regarding 50 First Fee Application for Compensation filed by Attorney Francis Lafayette and 65 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 127 | Court Certificate of Mailing of 124 Order Dated June 10, 2004 Regarding 50 First Fee Application for Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 128 | Court Certificate of Mailing of 125 Order Dated June 10, 2004 Regarding 65 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | | Hearing Scheduled for 6/15/2005 at 02:00 PM Springfield Courtroom - HJB Re: 65 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/24/2004 | 129 | Notice of Appeal filed by Francis Lafayette RE: 123 Memorandum of Decision and Orders Dated June 10, 2004 Regarding 50 First Fee Application for Compensation and 65 Case Management Order of June 24, 2003. c/s Appellant Designation due by 7/5/2004. Compiled Records Due by 7/19/2004. Transmission of Designation Due by 7/26/2004. Receipt Number 521608, Fee Amount $255. (ps, usbc) (Entered: 06/24/2004) |
| 06/24/2004 | 130 | Election of Appeal to District Court Filed by Attorney Francis Lafayette RE: 129 Notice of Appeal filed by Francis Lafayette RE: 123 Memorandum of Decision and Orders Dated June 10, 2004 Regarding 50 First Fee Application for Compensation and 65 Case Management Order of June 24, 2003. c/s. (ps, usbc) (Entered: 06/24/2004) |
| 06/24/2004 | 131 | Opposition *with c/s* by Debtor Stefan Davis Re: 121 Chapter 13 Trustee's Motion for Order Dismissing Case *with c/s and proposed order*. Objections due by 7/1/2004. (ZZ-Pappalardo, Denise) (Lafayette, Francis) (Entered: 06/24/2004) |

| 06/25/2004 | 132 | Notice of Appeal to District Court Re: 129 Notice of Appeal by Francis Lafayette Counsel to Debtor. (ab, usbc) (Entered: 06/25/2004) |
|---|---|---|
| 06/25/2004 | 133 | Court Certificate of Mailing Re: 132 Notice of Appeal to District Court. (ab, usbc) (Entered: 06/25/2004) |
| 06/25/2004 | 134 | Status Report *with c/s* (RE: 124 Order on Application for Compensation). (Psilos, Joanne) (Entered: 06/25/2004) |
| 06/29/2004 | 135 | Order Dated 6/29/04 RE: 129 Notice of Appeal Filed by Francis Lafayette, Counsel of Debtor. (yms, usbc) (Entered: 06/29/2004) |
| 06/30/2004 | 136 | Status Report *with c/s* (Re: 124 Order on Application for Compensation). Filed by Debtor Stefan Davis (Lafayette, Francis) (Entered: 06/30/2004) |
| 06/30/2004 | 137 | Order to Show Cause Dated 6/30/2004 Regarding 124 Order Dated June 10, 2004 Re: 50 First Fee Application for Compensation filed by Attorney Francis Lafayette. Show Cause hearing to be held on 7/14/2004 at 02:00 PM at Springfield Courtroom - HJB. (sas, usbc) (Entered: 06/30/2004) |
| 06/30/2004 | 138 | Court Certificate of Mailing of 135 Order Dated 6/29/04 Re: 129 Notice of Appeal and 137 Order to Show Cause dated 6/30/04 Re: 124 Order Dated June 10, 2004 Re: 50 First Fee Application for Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/30/2004) |
| 07/01/2004 | 139 | Motion to Reconsider (Re: 135 Order) Filed by Debtor Stefan Davis (Lafayette, Francis) (Entered: 07/01/2004) |
| 07/01/2004 | 140 | Brief/Memorandum In Support Of (Re: 139 Motion to Reconsider). Filed by Debtor Stefan Davis (Lafayette, Francis) (Entered: 07/01/2004) |
| 07/07/2004 | 141 | Order dated 7/7/04 RE: 137 Order to Show Cause Dated 6/30/2004. Hearing scheduled for 7/14/04 is canceled. (ps, usbc) (Entered: 07/07/2004) |
| 07/08/2004 | 142 | Memorandum of Decision Dated 7/8/04 Regarding 139 Motion to Reconsider 135 Order Filed by Attorney Francis Lafayette. A SEPARATE ORDER SHALL ISSUE. (sas, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | 143 | Order Dated 7/8/04 Denying 139 Motion to Reconsider 135 Order Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 07/08/2004) |

| | | |
|---|---|---|
| 07/08/2004 | 144 | Court Certificate of Mailing of 142 Memorandum of Decision and 143 Order Regarding 139 Motion to Reconsider 135 Order Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 07/08/2004) |
| 07/09/2004 | 145 | BNC Certificate of Mailing - PDF Document. Service Date 07/09/2004. (Related Doc # 141) (Admin.) (Entered: 07/10/2004) |
| 07/12/2004 | 146 | Hearing scheduled for 7/22/2004 at 10:00 AM Springfield Courtroom - HJB RE: 121 Chapter 13 Trustee's Motion for Order Dismissing Case. (ps, usbc) (Entered: 07/12/2004) |
| 07/12/2004 | 147 | Court Certificate of Mailing RE: 146 Hearing scheduled for 7/22/2004 at 10:00 AM Springfield Courtroom - HJB RE: 121 Chapter 13 Trustee's Motion for Order Dismissing Case. (ps, usbc) (Entered: 07/12/2004) |
| 07/12/2004 | 148 | Certificate of Service of Notice of Hearing (Re: 121 Chapter 13 Trustee's Motion for Order Dismissing Case). Filed by Trustee Denise M. Pappalardo (ZZ-Pappalardo, Denise) (Entered: 07/12/2004) |
| 07/17/2004 | 149 | Notice of Appeal. Fee Amount $250 Filed by Debtor Stefan Davis (RE: 142 Memorandum of Decision, 143 Order on Motion To Reconsider). Appellant Designation due by 7/27/2004. Complied Records Due by 8/11/2004. Transmission of Designation Due by 8/16/2004. (Lafayette, Francis) (Entered: 07/17/2004) |
| 07/17/2004 | 150 | Election of Appeal to District Court Filed by Debtor Stefan Davis (RE: 149 Notice of Appeal, ). (Lafayette, Francis) (Entered: 07/17/2004) |
| 07/18/2004 | 151 | Receipt of filing fee for Notice of Appeal(03-40199) [appeal,ntcapl] ( 250.00). Receipt Number 0101B786680, amount $ 250.00. (U.S. Treasury) (Entered: 07/18/2004) |
| 07/18/2004 | 152 | Objection to Claim #8 of Department of Revenue, Commonwealth of Massachusetts Filed by Debtor Stefan Davis. (Lafayette, Francis) (Entered: 07/18/2004) |
| 07/19/2004 | 153 | Notice of Appeal to District Court Re: 149 Notice of Appeal Filed by Francis Lafayette Counsel to Debtor Stefan Davis (Re: 142 Memorandum of Decision, 143 Order on Motion To Reconsider). (ab, usbc) (Entered: 07/19/2004) |
| 07/19/2004 | 154 | Court Certificate of Mailing Re: 153 Notice of Appeal to District Court. (ab, usbc) (Entered: 07/19/2004) |
| | | |

| 07/22/2004 | | Hearing Held and Continued Re: 121 Chapter 13 Trustee's Motion for Order Dismissing Case filed by Trustee Denise M. Pappalardo. (sas, usbc) (Entered: 07/22/2004) |
|---|---|---|
| 07/22/2004 | 155 | Order Dated 7/22/04 Regarding 121 Chapter 13 Trustee's Motion for Order Dismissing Case filed by Trustee Denise M. Pappalardo. CONTINUED TO OCTOBER 6, 2004 AT 9:30 AM IN SPRINGFIELD. (sas, usbc) (Entered: 07/22/2004) |
| 07/22/2004 | 156 | Court Certificate of Mailing of 155 Order Dated 7/22/04 Regarding 121 Chapter 13 Trustee's Motion for Order Dismissing Case filed by Trustee Denise M. Pappalardo. (sas, usbc) (Entered: 07/22/2004) |
| 07/24/2004 | 157 | Certificate of Compliance *with c/s* (Re: 124 Order on Application for Compensation). Filed by Debtor Stefan Davis (Lafayette, Francis) (Entered: 07/24/2004) |
| 07/27/2004 | 158 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Stefan Davis (RE: 149 Notice of Appeal, ). Appellee designation due by 8/6/2004. (Lafayette, Francis) (Entered: 07/27/2004) |
| 08/02/2004 | 159 | Hearing scheduled for 9/22/2004 at 10:00 AM Springfield Courtroom - HJB RE: 152 Objection to Claim #8 of Department of Revenue, Commonwealth of Massachusetts Filed by Debtor Stefan Davis. Responses due by 9/16/2004 at 04:30 PM (ps, usbc) (Entered: 08/02/2004) |
| 08/02/2004 | 160 | Court Certificate of Mailing RE: 159 Hearing scheduled for 9/22/2004 at 10:00 AM Springfield Courtroom - HJB RE: 152 Objection to Claim #8 of Department of Revenue, Commonwealth of Massachusetts Filed by Debtor Stefan Davis. Responses due by 9/16/2004. (ps, usbc) (Entered: 08/02/2004) |
| 08/04/2004 | 162 | Withdrawal of Proof of Claim Filed by Massachusetts Dept. of Revenue. c/s (ps, usbc) (Entered: 08/12/2004) |
| 08/05/2004 | 161 | Certificate of Service of Notice of Hearing (Re: 152 Objection to Claim #8 of Department of Revenue, Commonwealth of Massachusetts Filed by Debtor Stefan Davis (Lafayette, Francis) CORRECTIVE ENTRY: Linkage Changed from #159 to 152. Modified on 8/5/2004 (ps, usbc). (Entered: 08/05/2004) |
| 08/11/2004 | | Appellant's Designated Documents to Be Included in the Record on Appeal Re: 149 Notice of Appeal. (ps, usbc) (Entered: 08/11/2004) |
| 08/17/2004 | 163 | Transmittal of Record on Appeal to U.S. District Court RE: 149 |

|  |  | Notice of Appeal filed by Attorney Francis Lafayette. (ps, usbc) (Entered: 08/17/2004) |
|---|---|---|
| 08/19/2004 | 164 | Notice of Docketing Record on Appeal. Civil Action Number: 04-30159-MAP Filed by Mary Finn (District of MA) RE: 149 Notice of Appeal. (ps, usbc) (Entered: 08/20/2004) |
| 09/15/2004 | 165 | Motion *to Refer Debtor's Attorney to District Court for Disciplinary Proceedings Pursuant to Local Rule 2090-2 and Rule 83.6(4) and (5) of the Local Rules of the United States District Court for the District of Massachusetts* Filed by Interested Party United States Trustee (Meunier, Stephen) (Entered: 09/15/2004) |
| 09/20/2004 | 166 | Endorsed Order dated 9/20/04 RE: 152 Objection to Claim #8 of Department of Revenue, Commonwealth of Massachusetts Filed by Debtor Stefan Davis. MOOT; THE PROOF OF CLAIM IN QUESTION WAS WITHDRAWN ON 8/4/04. THE HEARING SCHEDULED FOR 9/22/04 IS CANCELED. (ps, usbc) (Entered: 09/20/2004) |
| 09/22/2004 | 167 | BNC Certificate of Mailing - PDF Document. Service Date 09/22/2004. (Related Doc # 166) (Admin.) (Entered: 09/23/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/23/2004 12:56:42 | | | |
| **PACER Login:** | rk0068 | **Client Code:** | lmb |
| **Description:** | Docket Report | **Case Number:** | 03-40199 |
| **Billable Pages:** | 9 | **Cost:** | 0.63 |

# United States Bankruptcy Court

## District of Massachusetts

| | |
|---|---|
| In re:<br><br>JOSEPH L. LaFRANCE,<br><br>Debtor | Chapter 13<br><br>Case No. 02-42450-HJB |
| In re:<br><br>MARTA L. OYOLA,<br><br>Debtor | Chapter 13<br><br>Case No. 02-45398-HJB |
| In re:<br><br>HECTOR L. ROLON,<br><br>Debtor | Chapter 13<br><br>Case No. 02-45994-HJB |
| In re:<br><br>MARK BENNETT and<br>ANGELA BENNETT<br><br>Debtor | Chapter 13<br><br>Case No. 03-40074-HJB |
| In re:<br><br>STEFAN DAVIS,<br><br>Debtor | Chapter 13<br><br>Case No. 03-40199-HJB |

## CASE MANAGEMENT ORDER

TO:  Francis Lafayette, Esq            Stephen E. Meunier, Esq.
     P.O. Box 1020                     Office of the United States Trustee
     Palmer, MA 01069                  600 Main Street
                                       Worcester, MA 01608

     Denise M. Pappalardo, Esq.
     Chapter 13 Trustee
     P.O. Box 16607
     Worcester, MA 01601


WHEREAS, in each of the above captioned cases, Attorney Francis Lafayette

("Lafayette") has served as counsel to the debtor(s); and

WHEREAS, in each of the above captioned cases, Lafayette has filed, at the

direction of this Court, an application seeking allowance of counsel's fees and

expenses (collectively, the "Fee Applications"); and

WHEREAS, in response to each of the said Fee Applications, Denise M.

Pappalardo, as Chapter 13 trustee, (the "Chapter 13 Trustee") and/or the United States

Trustee have objected citing various actions or failures to act by Lafayette in his

representation of the applicable debtor (the "Service Objections"); and

WHEREAS, Lafayette has not disputed the facts underlying the Service

Objections;[1] and

---

[1]However, Lafayette does contest his responsibility for those actions or failures
to act.

2

WHEREAS, this Court takes judicial notice of similar fact patterns in cases over the last few months in which Lafayette has served as counsel;[2]

WHEREAS, the Chapter 13 Trustee and the United States Trustee have also challenged the amount of the hourly compensation rate sought by Lafayette (the "Rate Objection"); and

WHEREAS, Lafayette and the United States Trustee have each requested an opportunity to submit a memorandum of law in connection with the Rate Objection;

**This Court hereby ORDERS that:**

1.  The Fee Applications are set for evidentiary hearing before this Court on <u>July 22, 2003 at 1:00 p.m. in Worcester, Massachusetts</u>, on the only identified factual/legal dispute, i.e., the appropriate hourly compensation rate for Lafayette to be used in determining the compensation amount, if any, which the Court should allow; and

2.  Lafayette show cause at the said hearing as to why, pursuant to 11 U.S.C. §§ 329 and/or 105(a), Federal Rule of Bankruptcy Procedure 9020 and/or Massachusetts Bankruptcy Local Rule 13-7(b), the Court should not **ORDER** Lafayette, until further order of this Court, to:

    a.  file, within 120 days of the date of this Court's order, a fee application in each <u>pending</u> Chapter 7 and 13 case in the District of Massachusetts in which he seeks <u>further</u> compensation from a debtor or a <u>further</u> distribution from a Chapter 13 trustee, said fee application(s) to be filed before the bankruptcy judge assigned to each such case; and

---

[2]In fact, this Court has noticed similar fact patterns in such cases over the last several years (albeit with lesser frequency), but does not rely on those cases.

b.      until further order of this Court, deposit any fee <u>hereafter</u> received from any Chapter 13 or 7 debtor in the District of Massachusetts in his client trust account and refrain from disbursing those funds until a fee application permitting such disbursement is granted by the bankruptcy judge assigned to such case;

3.      The Chapter 13 Trustee, Denise Pappalardo, and a representative of the United States Trustee are each also **ORDERED** to appear at the aforesaid hearing; and the said Chapter 13 Trustee is further **ORDERED** to be available to testify at such hearing at the request of Lafayette, the United States Trustee or the Court with respect to the administration of the above captioned cases; and

4.      Lafayette shall have until July 8, 2003 in which to file any Pre-Trial Memorandum; and the United States Trustee and the Chapter 13 Trustee shall have until July 18, 2003 to file any response thereto.

DATED:      June 24, 2003

Henry J. Boroff
United States Bankruptcy Judge

cc:    Debtors
       Denise M. Pappalardo, Chapter 13 Trustee
       Richard King, Assistant United States Trustee

4

# United States Bankruptcy Court

## District of Massachusetts

| | |
|---|---|
| In re:<br><br>JOSEPH L. LaFRANCE,<br><br>Debtor | Chapter 13<br><br>Case No. 02-42450-HJB |
| In re:<br><br>MARTA L. OYOLA,<br><br>Debtor | Chapter 13<br><br>Case No. 02-45398-HJB |
| In re:<br><br>HECTOR L. ROLON,<br><br>Debtor | Chapter 13<br><br>Case No. 02-45994-HJB |
| In re:<br><br>KATHLEEN M. DAIGNEAULT,<br><br>Debtor | Chapter 13<br><br>Case No. 02-46689-HJB |
| In re:<br><br>PETER AND DENISE CACI,<br><br>Debtor | Chapter 7<br><br>Case No. 02-47249 |



In re:                          )
                                )     Chapter 13
MARK BENNETT and                )
ANGELA BENNETT                  )     Case No. 03-40074-HJB
                                )
        Debtor                  )
                                )

In re:                          )
                                )     Chapter 13
STEFAN DAVIS,                   )
                                )     Case No. 03-40199-HJB
        Debtor                  )
                                )

## MEMORANDUM OF DECISION

Before this Court are fee applications filed by Attorney Francis Lafayette ("Attorney Lafayette") in each of the above-captioned cases. Also before this Court is its Case Management Order, dated June 24, 2003 (the "Case Management Order"), ordering Attorney Lafayette to show cause why he should not file additional fee applications in all pending cases in which he serves as counsel to the debtor and has fees unpaid and why the provisions of Massachusetts Local Bankruptcy Rule ("MBLR")13-7(b) should not be suspended in all cases which Attorney Lafayette may hereafter file in this district.

Pursuant to its order of this date, and as explained below, this Court now disallows compensation for Attorney Lafayette in each of the instant cases, in whole or in part; orders disgorgement of fees previously received by Attorney Lafayette, as may be applicable; orders Attorney Lafayette to file fee applications in all pending cases in which he serves as counsel to the debtor and has fees still unpaid; and suspends the provisions of MBLR

2

13-7(b) in all cases which Attorney Lafayette may hereafter file in this District until further court order. This Court's actions are authorized by 28 U.S.C. §157(b)(2)(A) and (B), 11 U.S.C. §§ 327, 328 and 329 and MLRB 13-7(b).

## I.     FACT PATTERNS

The relevant facts are either: (1) not materially disputed, being drawn from the docket or pleadings of each relevant case, or from testimony or supplemental pleadings provided by Attorney Lafayette as described below; or (2) constitute this Court's findings of fact, pursuant to Fed. R. Bankr. P. 7052, as made applicable by Fed. R. Bankr. P. 9014, based on the evidentiary hearings described below.

### A.     Joseph L. LaFrance

Joseph L. LaFrance filed a Chapter 13 case on April 19, 2002 and was represented by Attorney Lafayette.  Shortly thereafter, Attorney Lafayette filed a "Disclosure of Compensation of Attorney for Debtor," as required by Federal Rule of Bankruptcy Procedure 2016(b) (the "LaFrance Fee Disclosure"). According to Paragraph 1 of the LaFrance Fee Disclosure, Attorney Lafayette agreed to charge $2,500 for preconfirmation and $500 for postconfirmation work, of which Attorney Lafayette had received $415 on account. The balance due was set forth as follows:

> $3,000 less $415 paid leaving a balance of $2,085 (pre-confirmation and $500.00 post-confirmation) for services described in (4)(a)-(c) below plus copies of @ $.15 per page; incoming telecopier transmissions of $.15/page; auto mileage at the rate set forth from time to time by 41 CFR sec. 301-4.2 ($ .31 per mile); costs incurred for parking and out-of-pocket disbursements made by Attorney, including, but not limited to, filing and witness fees, service of process fees, expenses of depositions, investigative expenses,

3

expert witness fees, charges for telephone, and incidental expenses. Time charges for additional legal services other than listed herein will be an hourly rate of $310.00/hour for additional work other than as stated in (4)(a)-(c) below which shall increase by $10 on each November 11. There is no additional work contemplated at date of this statement. Adversary Proceedings are not included in this fee and client agrees that attorney will not be required go appear in or/defend same.

LaFrance Fee Disclosure, Par. 1.[1]

Paragraph 5 of the LaFrance Fee Disclosure indicates that the preconfirmation work for which the $2,500 was charged would be limited to: (a) legal advice; and (b) preparation and filing of the bankruptcy petition, schedules, statement of affairs and plan, and representation of the debtor at the meeting required under 11 U.S.C. § 341 and adjournments thereof. Indeed, Subparagraph (e) provides: "Attorney fees are estimated and assume no objections or other contests such as motions for relief from stay; trustee motions to dismiss; objections to claims; [or] valuations hearings . . . ." Pursuant to Paragraph 6, "[r]epresentation of debtor in Adversary Proceedings and contested matters" is specifically excluded.[2]

---

[1] The Court has not bothered to insert the familiar term "sic" in the myriad of locations where grammar or consistency is lacking or absent. In but one example, the paragraph twice refers to "4(a)-(c) below." There is no "4(a)-(c)" in the document.

[2] Not raised, either in the objection of the Chapter 13 trustee to Attorney Lafayette's fee application or in the Case Management Order described below, is whether this kind of "parsing" of services typically rendered in Chapter 13 cases is permissable. See In re Egwim, 291 B.R. 559 (Bankr. N.D. Ga. 2003); In re Castorena, et al., 270 B.R. 504 (Bankr. D. Idaho 2001).

The case proceeded rather unremarkably to confirmation.[3]   The progress of the case postconfirmation, however, was more troublesome. Shortly after confirmation, the debtor fell behind in his payments to the first mortgagee on his residence. In October of 2002, the first mortgagee sought relief from the automatic stay in order to foreclose. In December, following a hearing on that request, the Court approved a stipulation between the parties that, in the event of the debtor's failure to cure his postpetition default on a predetermined schedule, relief would be granted on notice of default by the first mortgagee. That notice issued in February of 2003 and relief from the automatic stay was granted shortly thereafter.

In the nick of time, the debtor was able to locate a buyer for the property and Attorney Lafayette filed a motion for leave to sell the property in late February of 2003. The sale was subsequently approved by the Court in April of 2003. However, in the motion, Attorney Lafayette requested that the Court approve compensation in the amount of $2,000 for services rendered "as an administrative expense to the Debtor-in-possession." Accordingly, on April 10, 2003, the Court ordered Attorney Lafayette to file a fee application within 14 days.[4]

On April 23, 2003, 13 days after the issuance of the order, Attorney Lafayette sought leave to file his fee application one day late, complaining that an "ongoing

---

[3]The Chapter 13 trustee did object to the first plan filed, complaining that the expenses set forth on Schedule J included items not necessary for the debtor's support. The matter was resolved, however, with the filing of an amended Schedule J and a modified plan, increasing the dividend to creditors.

[4]The order entered on April 11, 2003.

5

abscessing tooth" had caused him to feel ill and lose much time from his desk.[5] The application, now before the Court, was indeed filed on April 24, 2003. It seeks total compensation in the sum of $4,458.16 in compensation, of which $2,595.44 remains unpaid. Of the sum sought to be allowed, $4,204.00 is the component sought for professional services. Attorney Lafayette claims he devoted 12.85 hours, at rates ranging from $310 to $320 per hour; and paralegals devoted 4.3 hours at rates ranging from $35 to $65 per hour. Yet a close examination of the time entries reveals a curious division of labor. Attorney Lafayette, at his elevated rate, conducted all of the initial meetings with the debtor and prepared the schedules and statement of affairs. But when that debtor required a motion for avoidance of a judicial lien, that work was done by a paralegal with no follow-up time entry showing attorney supervision. Further, although the time entries reflect that Attorney Lafayette reviewed the first mortgagee's motion for relief from the automatic stay (for 0.1 hours), there are no time entries reflecting a conversation with the client, and the response was prepared by a paralegal (for 0.1 hours) with no reflection of attorney supervision. And, even more troubling, between the date of the filing of the motion for relief from stay and the hearing on that motion at which the agreement for entry into the stipulation was made, there is no indication of any conversations with the debtor that would have granted Attorney Lafayette the facts necessary to oppose the motion or agree to the terms of the stipulation in a manner consistent with Fed. R. Bankr. P. 9011.

---

[5]The motion was allowed on April 24, 2003, but the court docket does not show action on the motion. In any event, Attorney Lafayette's request was moot, as the motion sought leave to file the motion on the 14th day after issuance of the order, within its original scope.

6

The Chapter 13 trustee objects to the fee application. First and foremost, she maintains that the hourly rate charged by Attorney Lafayette is excessive. She refers to a recent, unpublished decision by Judge Rosenthal in this district, who ruled that Attorney Lafayette's rate was excessive and reduced it to $225 per hour. The Chapter 13 trustee further complains that, while the LaFrance Fee Disclosure sets forth a retainer of $415, the fee application recites that retainer as $600 in one location and $685 ($500 plus the filing fee) in another. She also complains of two hours of duplicate time entries by Attorney Lafayette and his paralegals.

The fee application was subsequently included in the Case Management Order, dated June 24, 2003, further described below.


B.    Marta L. Oyola

Marta L. Oyola filed a Chapter 13 case on September 4, 2002 and was represented by Attorney Lafayette. Shortly thereafter, Attorney Lafayette filed a "Disclosure of Compensation of Attorney for Debtor" (the "Oyola Fee Disclosure"). The Oyola Fee Disclosure was similar in form and content to the Lafrance Fee Disclosure, containing the same infirmities and the same hourly rate. The retainer was here represented to be $500, against a fee of $3,000 with the same conditions set forth in the LaFrance Fee Disclosure.

The section 341 Meeting was conducted on October 23, 2002. At that meeting, the Chapter 13 trustee complained that the debtor had claimed an exemption in her residence in the amount of $65,000, pursuant to 11 U.S.C. § 522(d)(1). Because the applicable exemption was then limited to $17,425, and therefore overstated by $47,575, the Chapter 13 trustee asked that the debtor's Schedule C be amended. It was indeed amended. On

7

November 1, 2002, Attorney Lafayette caused an amended Schedule C to be filed, this time seeking an exemption of $81,000, pursuant to 11 U.S.C. §522(d)(1). The Chapter 13 trustee objected again. Yet, between the date of the filing of her objection, January 29, 2003, and the hearing thereon on March 10, 2003, no further amendment was filed. Accordingly, the Chapter 13 trustee was compelled to appear and argue the matter. This Court swiftly sustained the Chapter 13 trustee's objection and ordered the debtor to file an amended Schedule C within 14 days.

Referring specifically to the foregoing undisputed (and undisputable) facts, the Chapter 13 trustee filed, on March 21, 2003, the instant "Motion of Chapter 13 Trustee for Order Requiring Counsel to Disgorge Retainer."[6] In summary, she contends that the debtor deserved better. On April 16, 2003, Attorney Lafayette filed a "Response to Motion of Chapter 13 Trustee for Order Requiring Counsel to Disgorge Retainer."[7] In that response, Attorney Lafayette makes three points. First, although he concedes the foregoing facts, Attorney Lafayette claims in three different paragraphs of his response that his errors were not the result of "careless"(sic).[8] Second, he argues that any error was the fault of his computer software, which was, he says, unable to integrate unique circumstances of the case into its calculation. Attorney Lafayette concedes, however, that

---

[6] Presumably, the Chapter 13 trustee also intended that the Court disallow all of Attorney Lafayette's compensation, not just the retainer.

[7] Two additional observations should be made. The response was filed 16 days late; it was due on April 1, 2003. See Mass. Bankr. L. R. ("MBLR") 9013-1(d). And, although transmission of the Response by facsimile was permitted by MBLR 5005-4, the transmission date listed at the top of the pleading would suggest a filing date three (3) years earlier.

[8] The irony of these typographical errors is not lost on the Court.

8

he should have overridden the program and listed the exemption as "unknown". Third, he alleges:

> The debtor's counsel is currently experiencing a serious dental issue which requires the extraction of two teeth. The debtor's counsel has been prescribed a serious pain medication which is intended to reduce the pain associated with the tooth abscess as the abscess enters the nerve of the teeth. Debtor's counsel was at the time of preparation of the documents in great pain and used the prescribed medication to reduce the pain. The medication has the effect of creating drowsiness and at the time of preparation of the schedules and plan and other parts (sic) the influence of the narcotic pain medication apparently caused debtor's counsel to be less alert than he was aware of. Debtor's counsel has met with debtor and prepare (sic) amended documents, without charge to the debtor for time or costs.

The Court responded on April 16, 2003 by ordering Attorney Lafayette to file a fee application. That application seeks total compensation in the sum of $6,104.31 of which the sum of $4,170.25 remains unpaid. Of the sum sought to be allowed, $5,655.25 is the component sought for professional services. Attorney Lafayette claims he devoted 17.15 hours. at rates ranging from $310 to $320 per hour, and paralegals devoted 3.45 hours at rates ranging from $45 to $65 per hour. An additional sum of $449.06 was sought for reimbursement of expenses.

The fee application was subsequently included in the Case Management Order, dated June 24, 2003, further described below.

### C.    Hector L. Rolon

Hector L. Rolon filed a Chapter 7 case on October 1, 2002 and was represented by Attorney Lafayette. Shortly thereafter, Attorney Lafayette caused the case to be converted to one under Chapter 13 and filed a "Disclosure of Attorney Compensation for Debtor" (the